IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEITH ROSELL WHITE #1773872 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv426 |
| LONNIE E. TOWNSEND, IV, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in the Michael Unit. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Background**

Plaintiff sues Lieutenant Douglas Foust for an alleged excessive use of force in the Michael Unit on July 12, 2022, and for interfering with his ability to get medical care after the use of force. (Dkt. #1.) Plaintiff also sues Michael Unit Warden Lonnie Townsend and Jason Chapman with the Office of Inspector General for "failing to correct" Foust's behavior. (*Id.* at 3.) He seeks monetary and injunctive relief. (*Id.* at 4.)

**II. Legal Standards and Preliminary Screening**

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915A(b). That statutes provide for *sua sponte* dismissal of a prisoner's complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged.  *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id.*

**III. Discussion and Analysis**

By separate Order, the Court is requiring Defendant Foust to respond to Plaintiff's claims against him. The claims against Defendants Townsend and Chapman, however, require separate consideration.

Plaintiff does not allege any facts involving Townsend or Chapman in the body of his complaint. He does not even allege that they were present for the use of force by Foust. It appears that Plaintiff sues them simply because he believes them to be responsible for the general function of the prison staff by virtue of their executive and supervisory positions within the TDCJ. But lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is

the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

Plaintiff here does not allege that Townsend or Chapman played any personal role in Foust's use of force or that they created or implemented any specific policy that caused it. To the contrary, he expressly alleges that policy was not followed during the incident about which he complains. (Dkt. #1 at 6.) To the extent the complaint can be construed to allege that Plaintiff complained to Townsend or Chapman about Foust, "a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 489 (N.D. Tex. 2019). Even if either of these Defendants received letters or grievances submitted by Plaintiff, that would not make them personally liable for any underlying violations. *See Emmons v. Painter*, No. MO:20-CV-00185-DC, 2021 WL 2832977, at *10 (W.D. Tex. May 23, 2021) ("[A]llegations that Defendants' denial of grievances evidenced both their personal involvement and a policy of deliberate indifference do not withstand pretrial screening."); *Selders v. LeBlanc*, No. CV 19-13075, 2020 WL 5097599, at *3 (E.D. La. July 1, 2020), *report and recommendation adopted*, No. CV 19-13075, 2020 WL 5095328 (E.D. La. Aug. 28, 2020) (dismissing claims against defendant who "is in charge of the jail and responded to two of [plaintiff's] grievance complaints" because "having a role in the grievance process does not create personal liability much less supervisory liability"). Plaintiff thus does not allege facts that would satisfy the personal involvement standard for these Defendants and fails to state a claim against them in their individual capacities.

To the extent Plaintiff sues these Defendants in their official capacities, his claims against them for money damages are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials in their official capacities

are not "persons" subject to suit under Section 1983); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (explaining that "the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity").

The Eleventh Amendment does not bar an official-capacity claim for prospective injunctive relief. *See K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013) (explaining that, under the "Ex Parte Young rule," the Eleventh Amendment does not bar a claim when a plaintiff "seeks prospective, injunctive relief from a state actor, in her official capacity, based on an alleged ongoing violation of the federal constitution"). But Defendant Foust will remain in this case in both his individual and official capacities and can be held liable in his official capacity for any prospective injunctive relief ultimately awarded in this case. Additional official-capacity claims against Defendants Townsend and Chapman are, therefore, redundant and should be dismissed on that basis. *See* Fed. R. Civ. P. 12(f) (authorizing courts to strike any "redundant [or] immaterial" matter); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (holding suit against multiple defendants standing in the shoes of the same entity redundant); *Jones v. Heyns*, No. 1:12-CV-1341, 2014 WL 1607621, at *3 (W.D. Mich. Apr. 22, 2014) ("Although the Court recognizes that most cases dismissing redundant official capacity claims involve claims against both the entity itself and employees of the entity, courts also dismiss multiple official capacity claims in the prison context[.]").

## IV. Conclusion

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendants Townsend or Chapman.

RECOMMENDATION

Accordingly, the undersigned recommends that all claims against Defendants Townsend and Chapman be dismissed pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 3rd day of November, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE