IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEITH ROSELL WHITE #1773872 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv426 |
| LONNIE E. TOWNSEND, IV, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

In October 2022, Plaintiff Keith Rosell White filed this civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights in prison and paid the full filing fee. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Based on Plaintiff's original complaint, the Court originally authorized service upon Defendant Foust and dismissed Defendants Townsend and Chapman for failure to state a claim upon which relief could be granted. (Dkt. ##4, 15.) Plaintiff filed an amended complaint on April 5, 2023, and the Court authorized him to serve all the Defendants named in it: Foust, Neal, Antwi, Williams, Okolo, Okemwa. (Dkt. ##25, 28.) The Court repeatedly advised Plaintiff that timely service is his responsibility and that the Court had not and would not, absent a demonstrated necessity not present in this case, order service by the United States Marshal. (Dkt. ##27, 28.) And it repeatedly cautioned him that failure to perfect timely service may result in dismissal. (*Id.*) More than three months have passed since entry of those orders, and the record does not reflect service or any effort by Plaintiff to perfect service on any Defendant in this case.

The time for service provided by Rule 4(m) of the Federal Rules of Civil Procedure has now expired, and no Defendant has been served. Plaintiff has not addressed this failure or sought any extension of time to correct it.

There is no doubt that Plaintiff bears the responsibility to take the steps required for service. *Mathes v. City of Corinth, Texas Police Dept.*, No. 4:18-651, 2019 WL 1232857 (E.D. Tex. Feb. 10, 2019) ("In this case, Plaintiff has been cautioned regarding the need for compliance with Rule 4 for the Federal Rules of Civil Procedure[.]" Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must dismiss the action** without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Dismissal is appropriate where, as here, Plaintiff has not demonstrated any reasonable likelihood that he will take the steps necessary to serve the Defendant. *See Harrell v. Edwards*, No. CIVA 05-4002, 2006 WL 2700704, at *2 (E.D. La. Aug. 28, 2006) (noting that dismissal "is inappropriate where there exists a reasonable prospect that service may be obtained" (*citing Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000))).

Because Defendants have not been timely served, and Plaintiff has not shown any likelihood of service or other good cause to extend the time for service, the district court should dismiss Plaintiff's claims against all Defendants, without prejudice, for failure to timely serve in accordance with Federal Rule of Civil Procedure 4(m). *See Layton v. McClain*, No. 5:21-CV-122-M-BQ, 2022 WL 17083659, at *3 (N.D. Tex. Oct. 24, 2022), *report and recommendation adopted*, No. 5:21-CV-122-M-BQ, 2022 WL 17084144 (N.D. Tex. Nov. 18, 2022) (dismissing for lack of timely service); *Thomas v. Castillo*, No. 5:17-CV-298-BQ, 2018 WL 4290801, at *2 (N.D. Tex.

July 31, 2018), *report and recommendation adopted*, No. 5:17-CV-00298-C, 2018 WL 4283558 (N.D. Tex. Sept. 7, 2018) (same).

RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss Plaintiff's claims against all Defendants without prejudice for failure to effect timely service pursuant to Rule 4(m), thus dismissing this case in its entirety.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 31st day of August, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE