UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:22-cv-00426

———

**Keith Rosell White,**
*Plaintiff,*

v.

**Lonnie E. Townsend IV et al.,**
*Defendants.*

———

**ORDER**

Plaintiff Keith Rosell White, a prisoner of the Texas Department of Criminal Justice proceeding pro se, filed a complaint alleging violations of his constitutional rights. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b).

On August 31, 2023, the magistrate judge issued a report recommending that plaintiff's case be dismissed without prejudice due to his failure to effect timely service of process. Doc. 38. Plaintiff filed a "Motion to Consider" and "Motion to Reconsider," which the court construes to be written objections to the report. Docs. 41, 42.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because plaintiff has not perfected service upon any defendant. Doc. 38. The plaintiff has repeatedly resisted his obligation to serve his defendants in this case. *See* Docs. 14, 20, 27 (orders ruling on the plaintiff's various motions regarding service). He now objects on the grounds that prison mail delays have thwarted his efforts at service, the local sheriff will only serve summonses at a defendant's home address (which is not available to plaintiff), and such service would cost $600. As the local sheriff refused plaintiff's request to deliver summonses to the defendants at work, the alleged mail delay is immaterial. Moreover, the magistrate judge previously

observed that "[t]here is no reason . . . why [p]laintiff is unable to retain an authorized private process server for this purpose, as other plaintiffs regularly do." Doc. 27 at 1. Plaintiff acknowledges that he has more than $900 in his inmate trust account, and he has not demonstrated that those funds are insufficient to cover the cost of service on the defendants. Doc. 42 at 4. Accordingly, plaintiff has not established that an order for service by the marshal in this case is "really . . . necessary," as required in cases where the plaintiff has paid the filing fee and has funds to cover the expense of service. *Cathy v. Palma*, 2023 WL 322495, at *3 (S.D. Cal. Jan. 19, 2023), *reconsideration denied*, 2023 WL 3213857 (S.D. Cal. May 2, 2023) ("[C]ourt orders directing service by marshal should not be issued unless they really are necessary. In short, the aim is to encourage use of methods that do not involve marshals." (quoting 93 F.R.D. 255, 262)).

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules the plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed without prejudice for failure to effect timely service.

*So ordered by the court on September 29, 2023.*

J. CAMPBELL BARKER
United States District Judge

- 2 -